```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
REWEN MAYER,

                            Plaintiff,

        -against-

CHANI MAYER,

                            Defendant.
-------------------------------------------------------------x
RUEBEN MAYER,


                            Plaintiff,

        -against-

CHANI MAYER,

                            Defendant.
-------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.

★ FEB 1 0 2012

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

11-cv-6385 (ENV) (SMG)

12-cv-286 (ENV) (RER)

**VITALIANO, D.J.**

Pro se plaintiff Rewen Mayer recently filed two actions in this Court on identical factual allegations.[1] The first action ("Mayer I"), filed on December 29, 2011, alleges that an Israeli rabbinical court, exercising jurisdiction over his wife's petition for divorce filed in that court,[2]

---

[1] Plaintiff's first name is spelled differently throughout both complaints.

[2] See generally S.I. Strong, Law and Religion in Israel and Iran: How the Integration of Secular and Spiritual Laws Affects Human Rights and the Potential for Violence, 19 Mich. J. Int'l L. 109, 155 (1997) ("Israel has made special provision for the inclusion of religious values in [family] law by granting nearly exclusive jurisdiction over these matters to the religious courts pursuant to the Status Quo Agreement.... Israel has four different sets of religious courts, one for each of the officially recognized religions").

1

had issued an order in the divorce proceeding barring him from leaving the State of Israel, which he contends violates his rights under the United States Constitution. Plaintiff filed a second action ("Mayer II") on January 20, 2012, this time claiming violations under sections of the Federal Criminal Code and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff requested permission to proceed in forma pauperis in Mayer I, but paid the filling fee in Mayer II. Given the congruency of facts and parties, the two actions are ordered consolidated on the Mayer II docket.³ The Mayer I docket is closed, and plaintiff's motion to proceed in forma pauperis is denied as moot. For the following reasons, this case is dismissed.

**Background**

The entire statement of claim from Mayer I is as follows:

Chani Mayer asked her husband Ruven, to grant a Jewish relig[i]ous divorce ("Get"). He refused. Upon traveling to Isreal [sic] in late September 2011, Chani, petitioned Isreal's Rabbinical court, to issue an order barring Reuven from leaving Isreal. An order has been granted. Reuven has not been able to leave Isreal since October 1, 2011.

Chani Mayer's action denies Reuven of his civil liberties, granted to him by the U.S. Constitution, ammendments [sic] 9, 10 and 14. Also, forcing him to participate in a religious act, violates his rights under the First Amendment.

We are asking the Court to order Chani Mayer to withdraw her petition in Isreal, and to let her husband Reuven to return to the U.S.

The statement of claim from Mayer II, adds only the following:

Chani Mayer[']s action constitutes ki[dnap]ping, kidna[p]ping for ransom, extortion, racketeering under the RICO statu[t]e, since many people are involved in it.

---

³ Because Mayer I and Mayer II involve the same parties and nearly identical questions of law and fact, the Court consolidates the two actions sua sponte. Endress v. Gentiva Health Services, Inc., 2011 WL 5220475, at *3 (E.D.N.Y. Nov. 2, 2011) ("A district court can consolidate related cases under Rule 42(a) sua sponte." (citing Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir.1999))).

2

...
> We are also suing Chani Mayer for the sum of one hundred million dollars, in punitive damages, and emotional and monetary damages, for denying her husband to use his apartment in New York.[4]

## Standard of Review

Even if a plaintiff has paid the filing fee, a district court may dismiss an action sua sponte if the court determines that the action is frivolous, that is, legally baseless regardless of how palpable the dispute may be to the parties. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, inter alia, it is "based on an indisputably meritless legal theory"– or, stated differently, when it "lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In addition, if a court lacks jurisdiction, even if the claim is real, "dismissal is mandatory." Manway Constr. Co. Inc. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12 (h)). And, when a plaintiff lacks standing, a court lacks subject matter jurisdiction to hear his claim. Cent. States Se. & Sw Areas Health and Welfare Fund v. Merck-Medco Managed Care, 433 F.3d 181, 197-98 (2d Cir. 2005). A court, moreover, properly raises issues of subject matter jurisdiction, including questions of standing, sua sponte. Id. Finally, because plaintiff proceeds pro se, the Court construes his allegations liberally "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

---

[4] The Court also received a letter dated January 25, 2012 purporting to be from a friend of plaintiff's, stating (1) plaintiff has been "kidnapped in Isreal [sic] by his wife" and (2) requesting emergency treatment of this case.

3

## Discussion

### A. Constitutional Claims

Plaintiff complains of the conduct of an individual and of a court operating under the authority of a foreign country. Plaintiff bases his claims on the First, Ninth, Tenth, and Fourteenth Amendments, which the Court construes as also including claims under the Fourth and Fifth Amendments.[5] But claims under all of these amendments, individually or in any collection, require an allegation of unlawful conduct by the United States or a state of the United States or by someone acting under the color of their authority. Hudgens v. NLRB, 424 U.S. 507, 514-21, 96 S. Ct. 1029 (1976) (First Amendment claims require state action); Chandler v. Miller, 520 U.S. 305, 371, 117 S. Ct. 1295 (1997) (Fourth Amendment constrains state action); Clark v. Town of Ticonderoga, 213 F.Supp.2d 198, 201 (N.D.N.Y 2002) ("The Fifth Amendment ... protects citizens from federal action."); Kraft v. Yeshiva University, 2001 WL 1191003, *3 (S.D.N.Y. Oct. 5, 2001) ("By its very terms, the 14th Amendment requires state action."). Because the defendant, the State of Israel, and its rabbinical court are the only actors here, Rewen Mayer's constitutional claims lack an arguable basis in fact and law and are "frivolous."[6]

---

[5] The Court construes plaintiff's Fourteenth Amendment claim as a due process claim under either the Fifth Amendment or the Fourteenth Amendment. The Court also construes this claim to include a Fourth Amendment claim against the unlawful seizure of his person and also as incorporated by the Fourteenth Amendment.

[6] Plaintiff fares no better under his remaining constitutionally-based theories. The Ninth Amendment does not *confer* rights on anyone. Gibson v. Matthews, 926 F.2d 532, 537 (6th Cir. 1991). It instead simply explains that the rights enumerated in the Constitution are not the only rights retained by the people. Id. Similarly, the Tenth Amendment is merely a "declaratory of the relationship between the national and state governments," United States v. Darby, 312 U.S. 100, 124, 61 S. Ct. 451 (1941), which thus does not provide plaintiff a basis on which to sue. Accordingly, plaintiff lacks standing to assert his claims under the Ninth and Tenth Amendments.

4

## B. Criminal Claims

Rewen Mayer relies on three sections of the criminal code: 18 U.S.C. § 956 (Conspiracy to kill, kidnap, maim, or injure persons . . . in a foreign country); § 1201 (Kidnapping); and § 1202 (Ransom Money) as a basis for his claims. Private individuals, however, lack standing to sue under the criminal law. Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146 (1973); Ippolito v. Meisel, 958 F. Supp. 155, 161 (S.D.N.Y. 1997). Thus, plaintiff's claims purporting to arise under the federal criminal code are dismissed due to the lack of standing.

## C. RICO Claims

Plaintiff also seeks to bring a claim under RICO, 18 U.S.C. § 1964(c). RICO was enacted to "prevent organized crime from infiltrating America's legitimate business organizations." Moccio v. Cablevision Sys. Corp., 208 F. Supp. 2d 361, 371 (E.D.N.Y. 2002). RICO, of course, contains both criminal and civil provisions. See 18 U.S.C. §§ 1962, 1964. The civil enforcement provision of RICO provides that "[a]ny person injured in his [or her] business or property by reason of a violation of section 1962 ... may sue therefor in any appropriate United States district court and shall recover threefold the damages ... and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). "To demonstrate standing [under RICO], a plaintiff must plead, at a minimum, (1) the defendant's violation of § 1962,[7] (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation. This third requirement is satisfied if the defendant's injurious conduct is both the factual and the proximate cause of the injury alleged." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 120-24 (2d Cir. 2003) (internal quotation marks and citations omitted). A lack of RICO

---

[7] Section 1962(c) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c).

5

standing, however, does not divest a court of jurisdiction, and such a claim is properly dismissed for failure to state a claim. Id. at 116-17.

Rewen Mayer falls miles short of stating a violation of § 1962. He asserts only that RICO must be violated "since many people are involved in [the alleged wrongdoing in Israel.]" Nothing in plaintiff's pleadings, critically, even suggests the existence of facts upon which any potential violation of RICO could be based. Accordingly, plaintiff's RICO claims lack an arguable basis in law, and are dismissed as frivolous.

### D. There are No Other Potential Claims

When the allegations are examined still more broadly, it is obvious that plaintiff's allegations do not, nor can they be amended to, support a claim over which this Court will have jurisdiction. Rewen Mayer is aggrieved by an order of a court in a foreign country in which he is located. Indeed, he claims that an order of a court of that country detains him there. Regardless how the Israeli court obtained jurisdiction, plaintiff's judicial relief must be found in Israel, and, certainly, in any event, not in this forum.

### Conclusion

The consolidated action is dismissed for the fundamental deficiencies stated above. The Court has considered affording plaintiff an opportunity to amend the complaint, but, because the complaint's deficiencies are not amenable to cure, granting leave to amend would be futile. See Hassan v. U.S. Dep't of Veteran Affairs, 137 F. App'x 418, 420 (2d Cir. 2005) ("While pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."). Leave is denied. Leave to proceed in forma pauperis is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the consolidated cases and then dockets.

**SO ORDERED.**

Dated: Brooklyn, New York
February 7, 2012

ERIC N. VITALIANO
United States District Judge